### UNDERWOOD TYPEWRITER CO. v. FOX TYPEWRITER CO., Limited, et al.

(Circuit Court, S. D. New York. June 8, 1910. Addendum to Opinion, June 14, 1910. On Settlement of Decree, July 27, 1910.)

1. PATENTS (§ 288*)—INFRINGEMENT OF PATENT—JURISDICTION—EVIDENCE.

The burden rests on complainant in a suit for infringement of a patent to establish, not only that the infringement occurred within the territorial jurisdiction of the court, but also that defendant was regularly engaged in business therein.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 460–466; Dec. Dig. § 288.*]

2. PATENTS (§ 328*) — INFRINGEMENT — TABULATING ATTACHMENT FOR TYPEWRITERS.

The Gathright patent, No. 436,916, for a tabulating attachment for typewriters held infringed.

In Equity. Suit by the Underwood Typewriter Company against the Fox Typewriter Company, Limited, and the Graves Typewriter Company. Decree for complainant.

See, also, 158 Fed. 476.

Briesen & Knauth (Arthur v. Briesen, Eugene Eble, of counsel), for complainant.

David G. McConnell (Fred L. Chappell, of counsel), for defendants.

HAZEL, District Judge. This suit relates to the expired Gathright patents, Nos. 436,916 and 452,268, for tabulating attachments for typewriters. The questions in controversy relating to the validity of said patents and the infringing devices have recently been considered on the same record before me by Judge Knappen of the United States Circuit Court for the Western District of Michigan in Underwood Typewriter Company v. Fox Typewriter Company, 181 Fed. 530, and decided in favor of complainant for infringement of claims 4 and 5 of the first of said patents and in favor of the defendant for noninfringement of the second thereof. It was practically understood at

*For other cases see same topic & § NUMBER in Dec & Am. Digs. 1907 to date, & Rep'r Indexes

the hearing before me that such decision would be followed by this court. The remaining contention which is insisted upon is the absence of jurisdiction of this court of the defendant Fox Typewriter Company, Limited; the claim being that said defendant was never engaged in the use, manufacture, and sale of typewriters having the tabulating attachment within the territorial jurisdiction of this court. It is also contended that the decree of the Circuit Court for the Western District of Michigan being in favor of the complainant herein against the Fox Typewriter Company, the successor of the Fox Typewriter Company, Limited, was in legal effect an adjudication of the acts of infringement charged in the bill.

An examination of the evidence satisfies me that the complainant has fairly established that the Fox Typewriter Company, Limited, publicly held itself out as having an office or agency in the city of New York for the sale of typewriters containing the infringing device. The burden of proof is upon the complainant to establish, not only that the infringement occurred within the territorial jurisdiction of the court, but also that the said defendant was regularly engaged in business therein. That the Fox Typewriter Company, Limited, sold typewriting machines within the jurisdiction of the court through its agent, the Graves Typewriter Company, is fairly shown. The complainant's exhibit machines 3 and 4 in evidence, a decimal tabulator, a single key tabulator and single tabulator, were prior to the filing of the bill herein bought from such agent. True, some of the circumstances upon which complainant relies to show that the defendant Fox Typewriter Company, Limited, was actually engaged in business and sold infringing machines in the Southern District of New York are probably trivial in themselves, yet, when they are considered together and given their full weight, it can scarcely be doubted that its acts gave jurisdiction to maintain this action. The point that the decision of Judge Knappen against the Fox Typewriter Company includes any liability of the defendant Fox Typewriter Company, Limited, is thought unsound. No good reason is advanced for refusing to hold the original company in view of the fact that it had a place of business in the city of New York prior to the beginning of the suit. The Michigan decree did not provide for an accounting by the Fox Typewriter Company, Limited. It is not claimed by complainant that the defendant Graves Typewriter Company was an independent infringer, and, as its connection with the sale of the infringing machine was merely as agent and not otherwise, the bill as to it must be dismissed with costs. There will, however, be a decree for an accounting under claims 4 and 5 of the Gathright patent No. 436,916, with costs, against the Fox Typewriter Company, Limited.

Decree may be entered accordingly.

## Addendum to Opinion.

Since writing the foregoing my attention has been called by complainant's counsel to the latter part thereof wherein I state that the Graves Typewriter Company is not claimed by the complainant to have been an independent infringer, and therefore the bill as to such defendant must be dismissed. In such statement and holding I was

evidently in error for the bill distinctly charged that the defendants Fox Typewriter Company, Limited, and Graves Typewriter Company were joint tort-feasors and committed the acts complained of for their mutual gain. This averment was not seriously denied by the defendant Graves Typewriter Company, and, indeed, sales by it of the infringing machine are practically admitted. Therefore my earlier memorandum in this respect is amended and a decree may be entered as against both defendants for an accounting under claims 4 and 5 of patent No. 436,916. The complainant having succeeded as to one patent in suit only, each party may recover its costs from the other.

### On Settlement of Decree.

The liability of the Fox Typewriter Company, Limited, and the Graves Typewriter Company, is sufficiently indicated in the opinion hereinbefore filed. That a reorganization was effected on November 2, 1904, by which the Fox Typewriter Company succeeded to the business of the Fox Typewriter Company, Limited, is immaterial in view of the fact that the latter continued to hold itself out to the public as being engaged in business in this district.

The Graves Company, it is true, sold typewriting machines after the merger of the limited company and the corporation, but the proofs are that permission was given the Graves Company in 1903 by the president of the company, who subsequently became president of the corporation, to advertise and exploit the company as being engaged in business in New York City. Such authorization was not discontinued or recalled until the year 1907, or just before this action was instituted. There is sufficient evidence warranting the inference that even though there was a merger in 1904, and business was thereafter conducted under the Corporate name of Fox Typewriter Company, that in New York City the Graves Company continued to use the name of the Fox Typewriter Company, Limited, during the time sales of the infringing machines were made by it, and that the defendant acquiesced therein.

The decree submitted by complainants may be entered.