SCOTT & WILLIAMS, Inc., v. HEMPHILL CO.

District Court, S. D. New York.
July 30, 1931.

Howson & Howson, of New York City, for plaintiff.

Emery, Booth, Varney & Whittemore, of New York City (Emery, Booth, Varney & Townsend, of Boston, Mass., of counsel), for defendant.

PATTERSON, District Judge.

This is a motion by the defendant, appearing specially, to dismiss a suit for patent infringement on the ground of lack of

622

jurisdiction. The defendant being a Massachusetts corporation, jurisdiction depends upon whether the defendant has committed "acts of infringement" here and has "a regular and established place of business" here. Judicial Code § 48, 28 U.S.C.A. § 109. Both elements, infringement and regular place of business, must concur, and the plaintiff has the burden of proving the existence of both. Bowers v. Atlantic, G. & P. Co. (C.C.) 104 F. 887; Underwood Typewriter Co. v. Fox Typewriter Co. (C.C.) 181 F. 541.

The defendant manufactures knitting machines. Its principal place of business is at Pawtucket, R. I. For several years it has maintained an office and showroom at 93 Worth street, New York City, where sample machines manufactured by it are on display and are demonstrated in operation, and where orders and correspondence are received for forwarding to the factory in Rhode Island. No machines are sold here, all orders being sent to the main office for acceptance. The local office consists of two rooms and is in charge of a sales representative who is assisted by a secretary and a demonstrator of machines. The salaries of these employees as well as the office rent are paid by the defendant.

It further appears that spare needles and sinkers for use on the machines are kept in the local office and are sold and delivered here; that the defendant's name, with the Worth street address, appears in the New York City telephone directory; that its letterhead carries the New York office as a "branch office"; that in 1923 the defendant applied for and received authority to do business in this state, which authority it still has; and that it pays the New York license tax imposed upon foreign corporations for the privilege of doing business in the state.

Among the machines kept at the New York office is a machine for knitting stockings, of the type claimed to infringe the plaintiff's patent. The machine is operated with a fair degree of continuity, to demonstrate its advantages to prospective buyers, the stockings made on it being distributed as samples. So far as appears, this is the only infringing machine within this district. The foregoing is a fair summary of the defendant's local activities.

■ First, as to acts of infringement within the district. The alleged infringing machine is neither manufactured nor sold here, but it strikes me that it is used here sufficiently to constitute infringement. One of the machines is operated here, both as a demonstration to convince buyers of its merit and as a way of making sample stockings to send out to the trade. This is a "use" of the machine. It is much more than the mere exhibition of an alleged infringing article, which was held in Hoegger v. F. H. Lawson & Co. (D.C.) 35 F. (2d) 219, not to amount to an act of infringement.

■ Second, as to a regular and established place of business in the district. I am not unmindful of the fact that since the decision in Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808, the tendency has been to require quite a strong showing by the plaintiff as to this phase before granting jurisdiction. The maintenance of an office for receiving orders and communications, in charge of a sales solicitor, seems not to be enough. American Electric Welding Co. v. Lalance & Grosjean Mfg. Co. (D.C.) 256 F. 34; Hoegger v. F. H. Lawson & Co., supra; Root v. Samuel Cupples Envelope Co. (D.C.) 36 F.(2d) 405. But here we find much more. The defendant maintained in this city a permanent headquarters which it itself called a "branch office." This office was more than a mere clearing house for correspondence and unaccepted orders; sample machines were exhibited and operated there, and small accessories were sold and delivered there. Two or three of the defendant's salaried employees were stationed there. That business was being done there appears, inferentially at least, from its acquisition of authority to do business in the state and from its payment of the license tax exacted from foreign companies carrying on business in the state. Recurring to the words of the statute, "a regular and established place of business," I am at a loss to see in what way this office does not fulfill them. It is a place of business, certainly not a residence or a place of recreation. It is regular and established, not temporary or intermittent. Unless plain words are to be taken by a court in a different sense from that given to them by the man on the street, the conclusion that this office was a regular and established place of business cannot be avoided.

I am persuaded that acts of alleged infringement were committed here and that

the defendant has a regular and established place of business here. The motion attacking the jurisdiction will therefore be denied.