## RUDOLPH v. EISEN.
### No. 1127.

District Court, D. New Jersey.
April 3, 1941.

William Gallner, of Bridgeton, N. J. (William S. Hodges, of Washington, D. C., of counsel), for plaintiff.

E. Francis Wentworth, Jr., of Newark, N. J. (Harry Price, of New York City, of counsel), for defendant.

WALKER, District-Judge.

The jurisdiction of the federal court over a patent infringement suit against a nonresident defendant depends upon the existence of facts prescribed in Section 109, United States Code Annotated, Title 28. The affidavits of the plaintiff show facts, which if established at the time of trial, give this court jurisdiction. Therefore the motion of the defendant is denied.

The plaintiff must remember that in a suit for patent infringement, he has the burden of establishing the jurisdictional facts,[1] and if he fails to establish a regular place of business of the defendant within the district or acts of infringement committed within the district, this court is without jurisdiction.[2]

An order should be presented.

---

[1] Haight v. Viking Pump Co. of Delaware, D.C., 29 F.Supp. 575; Scott & Williams, Inc. v. Hemphill Co., D.C., 14 F.Supp. 621.

[2] Endrezze v. Dorr Co., Inc., 9 Cir., 97 F.2d 46.