**RAVA v. WESTINGHOUSE ELECTRIC CORPORATION.**

United States District Court
S. D. New York.
March 21, 1950.

708

Richard J. Stull, New York City, for plaintiff.

Ostrolenk & Faber, New York City, Samuel Ostrolenk, New York City, for defendant.

McGOHEY, District Judge.

This is a suit by a citizen of New Jersey for alleged patent infringement by a Pennsylvania corporation. The defendant moves to transfer the suit to the Western District of Pennsylvania.

Defendant asserts by affidavit that it never manufactured, sold or used in the Southern District of New York the device which is supposed to infringe the plaintiff's patent. It is admitted, however, that defendant did manufacture, but only in Pennsylvania, and sell in Ohio, Michigan and Massachusetts, but only in those states, devices known generally in the industry as "capacitor welder controls." (It is these which plaintiff claims infringe his patent.)

 Since the defendant is a Pennsylvania corporation, the suit is maintainable in this district only if the defendant has a regular and established place of business here and committed an act of infringement here. 28 U.S.C.A. § 1400(b); Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026. And it is the plaintiff's burden to show jurisdiction in this district. Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L.Ed. 951. A regular and established place of business here is not denied by the defendant, so it is necessary to consider only whether plaintiff has shown an act of infringement in this district.

 A patent may be infringed by manufacture, use or sale. 35 U.S.C.A. § 40. Plaintiff makes no attempt to show manufacture or use in this district. In reply to the defendant's affidavits, plaintiff submits merely an affidavit of an attorney who says the plaintiff has "informed" him that the defendant's devices "are offered for sale in New York"; and that "I further understand" that a corporation in this district has "heretofore and within the period of the statute of limitations, purchased one of defendant's panels constituting such infringement in New York City." This is far from proof of anything. It certainly does not prove a sale by the defendant in this district which includes only two of the five counties in New York City.

Motion granted. Settle order on notice.