## FEDERAL ELECTRIC PRODUCTS CO. v. FRANK ADAM ELECTRIC CO.

United States District Court
S. D. New York.

Sept. 17, 1951.

10

Levisohn, Niner & Cohen, New York City (Harry Cohen, Edwin Levisohn and Reuben Spencer, all of New York City, of counsel), for plaintiff.

Ward, Crosby & Neal and Page S. Haselton, all of New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

This is an action for alleged infringement of five of plaintiff's patents. Defendant moves for an order dismissing the action under the provisions of Title 28, U.S.C. § 1406(a) on the ground that venue is improperly laid in this district or in the alternative, for an order transferring this action to the District Court for the Eastern District of Missouri under the provisions of Title 28 U.S.C., § 1406(a) or § 1404(a). Defendant also moves for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.

Title 28 U.S.C., § 1400(b) defines the jurisdictional requirements in patent infringement cases as follows: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

Defendant is a non-resident of this district. The jurisdiction of this court may be invoked only if the two alternate requisites of Section 1400(b) are met. Defendant must have a regular and established place of business in this district and it must have committed an act of infringement within the district. Failure of either standard results in improper venue here. Rava v. Westinghouse Electric Corp., D.C.S.D. N.Y.1950, 90 F.Supp. 707; Bull Dog Electric Products Co. v. Cole Electric Products Co., 2 Cir., 1943, 134 F.2d 545.

Most of the critical facts of this case are in sharp contention. This much seems reasonably clear. Both plaintiff and defendant are manufacturers of electrical apparatus. Both have factories in St. Louis, Missouri. Defendant is clearly a resident of St. Louis where all its manufacturing operations are carried on. Plaintiff's operations are more widely dispersed, with its main plant in Newark, New Jersey, and branch plants in Long Island City, N. Y. and Hartford, Connecticut as well as St. Louis. Defendant has a number of what it terms "reshipping centers" spaced around the country. One of these is located in New York City. Defendant describes its function as "incidental to the filling of orders for goods manufactured and sold in Missouri, by expediting delivery thereof to purchasers along the Atlantic Seaboard." It denies that the New York operation constitutes a regular and established place of business within the meaning of Section 1400(b).

Defendant employs two men at its New York office, both of whom, defendant asserts, are under instructions prohibiting sales or collections of any kind. It concedes that distribution of the accused devices has probably been carried on from the New York office but this, defendant contends, is not sufficient in itself to constitute a regular and established place of business. This Court concludes otherwise.

Lengthy precedent is available to show that courts have been unwilling to constrict the definition of "regular and established place of business." The concept

should not be narrowed or limited in its construction. Urquhart v. American-La France Foamite Corp., 1944, 79 U.S.App. D.C. 219, 144 F.2d 542, certiorari denied 1944, 323 U.S. 783, 65 S.Ct. 273, 89 L.Ed. 625. Emphasis must be on the existence of such a place of busines and not on the character of business conducted there. Shelton v. Schwartz, 7 Cir., 1942, 131 F.2d 805.

Defendant owns the building at 419 West 54th Street in Manhattan which it uses to stockpile its products. Defendant is listed both in the Manhattan telephone directory and in the Manhattan Classified directory. A recent case has pointed up the responsibilities attendant upon a foreign corporation which channels business through regional offices, to its main factory. Latini v. R. M. Dubin Corp., D.C.N.D.Ill.1950, 90 F.Supp. 212. Where the corporation maintains an office, appears in the telephone directory, accepts orders for transmission elsewhere, it cannot interpose its extra-territorial corporate citizenship as a shield. In return for obtaining profitable business, it must stand legally accountable in that district. Defendant admits that orders were accepted from field representatives and filled from its New York stock. The mechanics of bookkeeping which invoiced these orders in St. Louis, do not alter the nature of defendant's New York office. It is a regular and established business within the meaning of Section 1400(b).

Under Section 1400(b) an act of infringement must also be established for proper venue.

 A patent may be infringed by manufacture, use or sale, Title 35 U.S.C.A. § 40. Plaintiff makes no effort to prove manufacture or use. He relies solely on affidavits which purport to show sales of the alleged infringing device at defendant's New York office. One of these affidavits, by plaintiff's president, is based on information, and standing alone would not constitute proof of sales strong enough to establish an infringing act in this district. Rava v. Westinghouse, supra. A companion affidavit by one Edward Stahl, states that on two occasions, April 27 and September 5, 1951, he presented orders for the alleged infringing device to defendant's New York office and both times received delivery. Photostats of receipts of the deliveries are annexed to the affidavit.

 Defendant contends that in 1951, four of plaintiff's five patents had expired, and in any event these transactions did not constitute sales because all accounts of the company are kept in St. Louis. Defendant's position seems at best tenuous. The facts culled from the affidavits seem to favor plaintiff. I am inclined to the position that where affidavits of plaintiff show facts, which, if established at trial, would give the court jurisdiction, a motion to dismiss should be denied. Rudolph v. Eisen, D.C.N.J.1941, 38 F.Supp. 868. Upon the papers before it, the Court is satisfied that sales have been consummated in New York. If the assertions in the affidavits are established at a trial, an act of infringement has occurred at a regular and established place of business. Defendant's motion to dismiss under Section 1406(a) is accordingly denied.

The propriety of venue aside, defendant's alternative motion asks for a transfer of this action to the District Court, Eastern District of Missouri, in the interest of justice and for the convenience of parties and witnesses, pursuant to Title 28 U.S.C. § 1404(a).

This Court has averred on numerous occasions that the criteria to be followed in 1404(a) transfer cases are essentially those of the forum non conveniens decisions, particularly those enumerated by the Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 843, 91 L.Ed. 1055. There is no set yardstick by which the court can measure precisely the advisability of transfer in each instance. The Supreme Court has said, Gulf Oil Corp. v. Gilbert, supra: "Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses * * * and all other practical problems that make trial of a case easy, expeditious and inexpensive * * *. The court will weigh relative advantages and obstacles to fair trial."

12

■ The balance of convenience must be strongly in favor of the defendant before transfer will be ordered. Gulf Oil Corp. v. Gilbert, supra. A bare balance in favor of the defendant will not suffice. Dolly Toy Co. v. Bancroft-Rellim Corp., D.C.1951, 97 F.Supp. 531; Skultety v. Pennsylvania R. Co., D.C.S.D.N.Y.1950, 91 F.Supp. 118. The Court of Appeals in this Circuit has heavily underscored the strong balance of convenience thesis, with particular emphasis on plaintiff's venue privilege. Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d, 329. Defendant here must show a strong weight of inconvenience in this district before the court will order transfer to another district. Defendant has not done this.

The tendency of transfer motions under 1404(a) to resolve themselves into a battle of numbers must be avoided. Goodman v. Southern Railway Co., D.C.1951, 99 F. Supp. 852. Opponents strive mightily to outdo each other in the total number of indispensable witnesses they must call in the desired district. District judges must be able to slice through the mass of affidavits presented and identify *key* witnesses in determining the most convenient forum.[1]

Defendant states that *all* its witnesses are in the St. Louis area. Questions concerning the design, testing, manufacture and capabilities of the alleged infringing device will have to be answered by defendant's employees. Persons familiar with defendant's sales, material and labor costs, and overhead expenses will probably have to be called if an accounting becomes necessary. These, too, are all in St. Louis. Defendant knows of no witnesses it would call in the New York area. Defendant concedes that plaintiff does not manufacture in St. Louis devices of the type alleged to infringe, but states that plaintiff probably has employees in its St. Louis plant sufficiently familiar with the device to testify. This is merely speculation and plaintiff's affidavits on this matter seem effectively in contradiction. Plaintiff states that there is no one in St. Louis who has

had anything to do with the design, research, development work, or manufacture of the switches at issue. It appears also, that plaintiff's key witness, a Mr. Christensen, who has been instrumental in the development and production of plaintiff's switches, lives in Newark, New Jersey, and other employee-witnesses of plaintiff are all in the East.

This case follows closely a similar action brought by defendant against plaintiff in the District Court for the Eastern District of Missouri, although it appears that entirely different patents are involved there. Defendant instituted suit on April 14, 1951. On July 11, 1951, plaintiff brought this suit in this court. Thereafter, on July 27th, defendant amended the complaint in its original suit, asking for a declaratory judgment on the questions of validity and infringement of the five patents involved in the New York suit. Defendant now asserts that in the interest of justice and for the convenience of the parties, both suits should be consolidated for trial in St. Louis, or else the suit here should be dismissed since the issues may as effectively be tried in the declaratory judgment action in St. Louis.

■ There is no merit in defendant's contention that the issues should be tried in the St. Louis action. Plaintiff's action in this court predated defendant's request for a declaratory judgment in St. Louis and properly takes precedence. The suits may be consolidated only if there are grounds for transfer, which issue this Court is determining adverse to the defendant.

Defendant has not made such a clear showing of a strong balance of convenience in its favor as to convince this Court that plaintiff's choice of forum should be upset.

■ Defendant moves finally for a more definite statement under Rule 12(e), Federal Rules of Civil Procedure. It asserts that the complaint is so vague that it cannot identify the device charged to infringe. Plaintiff's complaint specifies each of the five patents at issue by number. It claims that all five are embodied

1. See this Court's article Observations on Transfer under Section 1404(a), 1951, 10 F.R.D. 595.

in defendant's "Shutibrak Switch" which defendant advertises as such and which is illustrated and described in defendant's catalogue annexed to plaintiff's affidavits. Rule 12(e) applies to complaints "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading". The Federal Rules of Civil Procedure contemplate simplicity and brevity in pleadings. Rule 84, Federal Rules of Civil Procedure. The liberal rules for depositions, admissions, and pretrial provide appropriate means for securing additional information. I think plaintiff's complaint is drawn with enough specificity to exempt it from the provisions of Rule 12(e).

Motion denied in all respects.