Mario Pittoni, J.
The complaint sets forth 7 causes of action. The defendant Lynch served a demand for a bill of particulars in regard to 120 items in 14 pages of single-spaced type. The plaintiff moves to vacate the demand.
Motion is granted without prejudice to defendant Lynch serving an appropriate demand or moving for an order for a suitable bill of particulars.
After more than six hours of study of the complaint and demand, and after having reviewed in detail only one third of the items, the court is of the opinion that though the defendant is entitled to some of the items, these are in the minority and that the defendant, instead of seeking particulars of plaintiff’s claim, desires the plaintiff’s evidence in advance of trial. This is not the function of a bill of particulars.
In the language of American Mint Corp. v. Ex-Lax (260 App. Div. 576, 577 [1st Dept.]), “We think defendant’s demand, both in its form and in its extent, is so unreasonable, meticulous, unnecessarily repetitious, and burdensome that it should have been denied in its entirety as it constitutes a plain abuse of the right to a bill of particulars. To grant it in its present form would not help properly to limit and clarify the issues and the proof but would serve confusion and prolixity ”. (Also Universal Metal Prods. Co. v. De-Mornay Budd, Inc., 275 App. Div. 575 [1st Dept.] and Mutual Life Ins. Co. v. Tailored Woman, 275 App. Div. 798 [1st Dept.].)
Also, as in Winter stein v. Mauntner (284 App. Div. 962 [1st Dept.]), “ We recognize that the complaint is lengthy but this does not justify the meticulous and unnecessarily repetitious demand served herein ”.
*519 Further, as said in Link Metal Finishing Corp. v. Moskowitz (95 N. Y. S. 2d 766, 768), “ Where a demand is prolix and seeks to meticulously obtain many items of particulars including matters of evidence and which will be burdensome, it is considered more desirable to vacate the demand than to attempt to reconstruct it by the allowance of those items which may be authorized”. See, also, Kramer v. Hubbell (67 N. Y. S. 2d 43) to the same effect.
The motion is granted.
Order signed.