**LINDLY & COMPANY, Inc., Plaintiff,**

v.

**KARL H. INDERFURTH COMPANY**
Fabrionics Corporation and Telephonics Corporation, Defendants.

Civ. No. 1202.

United States District Court
E. D. North Carolina,
Raleigh Division.

Jan. 18, 1961.

---

Welch Jordan, Greensboro, N. C., Robert E. Burns, New York City, for plaintiff.

George W. Whitney, Brumbaugh, Free, Graves & Donohue, New York City, W. T. Joyner, Jr., Joyner & Howison, Raleigh, N. C., for Fabrionics & Telephonics.

Charles T. Myers, Charlotte, N. C., for Inderfurth Co.

BUTLER, District Judge.

This is an action for patent infringement relating to a yarn tensioning device. The determinative question is whether venue is properly laid in the Eastern District of North Carolina.

The plaintiff, Lindly and Company, Inc., is hereinafter referred to as "Lindly", and the defendants, Karl H. Inderfurth Company, Fabrionics Corporation, and Telephonics Corporation, are hereinafter referred to as "Inderfurth", "Fabrionics", and "Telephonics", respectively.

This is the third in a series of lawsuits involving the parties to this action, each of which is pending in a different forum. In August 1958, Lindly commenced an action in the Supreme Court of New York, 19 Misc.2d 518, 196 N.Y.S. 2d 143, against Telephonics, Inderfurth and one Vincent E. Lynch, charging the defendants with defamation, unfair competition and misappropriation of trade secrets, and other tortious activities. Lindly was unable to obtain service upon Inderfurth in that action.

On October 1, 1959, Telephonics and Fabrionics commenced an action in the United States District Court for the Eastern District of New York against Lindly, requesting a declaratory judgment as to the invalidity and non-infringement of Lindly's Patent No. 2,873,- 396, relating to a photo-electric system used with yarn inspecting machinery, and also for declaratory relief as to the charges of misappropriation of trade secrets. On October 6, 1959, Lindly's Patent No. 2,907,535 (the patent involved in this action) was issued by the United States Patent Office.

On October 6, 1959, Lindly filed this action in the United States District Court for the Eastern District of North Carolina, against Inderfurth, Fabrionics and Telephonics, charging the defendants with infringement of Lindly Patent No. 2,907,535, which had issued that day.

On October 6, 1959, Telephonics and Fabrionics filed an amended complaint in the action pending in the United States District Court for the Eastern District of New York to include declaratory judgment relief as to the newly issued Patent No. 2,907,535.

The action in the New York state court, the New York federal declaratory judgment action, and the present North Carolina action, are pending before the several courts.

The complaint in this action alleges that: (1) plaintiff Lindly is a New York corporation; (2) defendant Inderfurth is a North Carolina corporation with its principal office and regular and estab-

lished place of business in the Western District of North Carolina, and defendants Fabrionics and Telephonics are New York corporations, both having a regular and established place of business in Raleigh, North Carolina; (3) plaintiff owns Patent No. 2,907.535, relating to a yarn tensioning device; and (4) Inderfurth has infringed this patent in Charlotte, North Carolina, and elsewhere in the United States by the sale and use of infringing devices, Fabrionics has infringed it in the Eastern District of North Carolina by sale and use of infringing devices, and Telephonics has infringed it in the Eastern District of North Carolina by manufacture, sale, and use of infringing devices.

Thereupon, defendants filed motions in the alternative for an order (1) dismissing the complaint in this action as against all defendants, or (2) dismissing the complaint in this action as against Fabrionics and Telephonics and staying further proceedings against Inderfurth until a final decision has been rendered in the pending action in the New York federal court, or (3) transferring this action as against all defendants to the Eastern District of New York, or (4) transferring this action as against Fabrionics and Telephonics to the Eastern District of New York and staying further proceedings as against Inderfurth until a final decision has been rendered in the New York proceedings. Briefs were filed by both sides and a hearing was held.[1] In support of their motions defendants claim, *inter alia,* that venue is not properly laid in this District.

■ Venue in a patent infringement case is governed exclusively by 28 U.S.C. § 1400(b). Fourco Glass Co. v. Transmirra Products Corp., 1957, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786. This section reads as follows:

"Any civil action for patent infringement may be brought in the

judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

The residence of a corporation is not defined in § 1400(b), and the courts have repeatedly held that resort cannot be had to § 1391(c) for that purpose since venue in patent infringement cases is governed solely and exclusively by the former section. Stonite Products Co. v. Melvin Lloyd Co., 1942, 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026; Fourco Glass Co. v. Transmirra Products Corp., supra; Bradford Novelty Co. v. Manheim, D.C. S.D.N.Y.1957, 156 F.Supp. 489.

Nevertheless, the statute by express terms permits such actions to be brought either (1) in the judicial district where the defendant resides, *or* (2) where the defendant (a) has committed acts of infringement *and* (b) has a regular and established place of business.

Therefore, it becomes necessary to ascertain the meaning of the word "resides" as used in the venue statute.

■ A corporation "resides" within the meaning of that term as used in § 1400(b) in the judicial district where its principal place of business is located. Stonite Products Co. v. Melvin Lloyd Co., supra. Southern Textile Machine Co. v. Isley Hosiery Mills, D.C.M.D.N.C.1957, 153 F.Supp. 119.

None of the defendants resides in the Eastern District of North Carolina. Even though Inderfurth is alleged to be a North Carolina corporation its sole place of business is in the Western District of North Carolina, and it does not reside in the Eastern District within the meaning of the statute. Therefore, in order to sustain venue in this district, it must be shown that each defendant committed acts of infringement in this district *and* also that each defendant had a regular and established place of business in this district.

---

[1]. Upon the argument it was conceded by all parties that motion (3) was not tenable under the authority of Hoffman v.

Blaski, 1960, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254.

Lindly and Telephonics are manufacturers of electrical testing and control equipment designed for use by the textile industry. All such equipment manufactured by Telephonics is sold exclusively to Fabrionics which in turn resells to the textile industry. Inderfurth is one of the sales representatives for Fabrionics in the sale of such equipment.

Plaintiff makes no attempt to show that Inderfurth has committed acts of infringement or has a regular and established place of business in this district.

The activities of Fabrionics and Telephonics in this district seem to be centered around one Olen F. Marks, who lives in Raleigh, North Carolina. It appears that Marks is employed, and is paid a salary plus travel expenses, by Telephonics; however, he holds himself out to be manager of the technical service department of Fabrionics. He is not an officer or director, but is an employee carrying out orders received from Telephonics in New York. He does not have authority to contract or sell, and his job is not to solicit orders but to install and service equipment manufactured by Telephonics. He works out of his home in Raleigh. All the furniture and equipment at his home is his own. There are no signs or other indicia that either defendant does any business at Marks' residence, and neither Fabrionics nor Telephonics pays any rent or other expenses of the premises. Marks carries on business correspondence from his home, and has kept spare parts and technical literature there. He is the only employee of either defendant in the district. The servicing and installation of equipment are done at the customer's plant. While Marks has made one delivery of a yarn tensioning device to a company in the Middle District, there is no evidence that he has ever installed, repaired, or otherwise serviced any tensioning devices in the Eastern District of North Carolina. In April 1959, Marks participated in a demonstration of a yarn tensioning device at North Carolina State College in Raleigh, within the Eastern District; but there is no showing that the group to whom it was demonstrated included prospective customers, or anyone other than students of the electrical engineering department.

Other than through its employee, Marks, the only contacts Telephonics has with this district are ownership of a few inconsequential tools in Marks' possession, and paying the rent on a Post Office box in Raleigh, which is listed in the name of Fabrionics. While Telephonics manufactures the devices which are alleged to infringe plaintiff's patent, this is done in New York. Furthermore, it sells its entire output to Fabrionics in New York.

Marks, in holding himself out to be an employee of Fabrionics, has business cards which contain an address consisting of a Raleigh Post Office box number and a Raleigh telephone number. The Post Office box, while listed in the name of Fabrionics, is paid for by Telephonics. All correspondence relating to Fabrionics' business in this area is addressed to that box. Also, Marks uses stationery which lists this Raleigh Post Office box number as the "Southern Office" of Fabrionics. The telephone is in Marks' home and is listed to both him and Fabrionics. The telephone bills are addressed to Fabrionics and received at the Post Office box. Marks pays for one-half the basic monthly charge and long distance calls of a personal nature, and Fabrionics pays the remainder. Fabrionics asks its customers to use the Raleigh address when requesting direct assistance from its "Service Department". It also informs its customers that travel and expenses incurred in the installation of equipment will be from the nearest office, Huntington, New York, or Raleigh, North Carolina. All sales contracts for yarn tensioning devices are completed in New York.

■ The first thing to be determined from these facts is whether or not the defendants, or any of them, have committed acts of infringement in the Eastern Dis-

trict of North Carolina. Such acts may be established by proof, disjunctively, of manufacture, sale, or use. Federal Electric Products Co. v. Frank Adam Electric Co., D.C.S.D.N.Y.1951, 100 F.Supp. 8.

Plaintiff has not shown any sale or manufacture of yarn tensioning devices in the Eastern District of North Carolina by any of the defendants; therefore, if defendants are found to have committed acts of infringement it must be by "use" of the infringing devices.

In its argument plaintiff urges strongly that the corporate identities of Fabrionics and Telephonics be disregarded and that they be considered as one, because of their close relationship with each other and the interrelation of officers, directors, and stockholders.

It appears that the President and Vice-President of Telephonics are officers, directors, and stockholders of Fabrionics; that Fabrionics was organized for the purpose of selling textile equipment manufactured by Telephonics; that Fabrionics' office consists of one room in Telephonics' New York plant entered only through Telephonics' reception room.

The cases uniformly hold that there must be something more than identity of officers and stock ownership to disregard the corporate fiction; it must appear that it was organized for a fraudulent purpose or that some injury of a fraudulent or illegal nature has resulted to someone from the transaction. Here there is no allegation nor proof of fraud. Extreme caution should be used in disregarding the corporate fiction for the purpose of acquiring jurisdiction. American Anthracite & Bituminous Coal Corp. v. Amerocean S.S. Co., D.C.E.D.Pa.1955, 131 F.Supp. 244. However, in the present case, even if the two were considered as one corporation, the facts alleged to constitute "use" would fall short of the statutory requirements.

The statute requires "acts" of infringement, and to meet the requirements of the statute there must be plurality and continuity of conduct. Ronson Art Metal Works v. Brown & Bigelow, Inc., D.C.S.D.N.Y.1952, 104 F.Supp. 716. In the present case, it has been shown that Marks has made one delivery of a yarn tensioning device to a customer in the Middle District of North Carolina, and participated in one demonstration of such a device, at North Carolina State College in Raleigh. Although a plurality of such acts has been held sufficient to constitute "use" within the meaning of the statute, the isolated acts in this case are insufficient for such purpose. Marlatt v. Mergenthaler Linotype Co., D.C.S.D.Cal.1947, 70 F.Supp. 426. Furthermore, no cases have been found which hold that mere possession of infringing devices and literature relating thereto are acts of infringement. The fact that Marks has kept spare parts and literature in this district is not sufficient to constitute a "use".

A further argument set forth by plaintiff is that there was planning which would connect the acts of Fabrionics and Telephonics done here with those done in New York, and cites as authority Carolyn Chenilles, Inc. v. Ostow & Jacobs, Inc., D.C.S.D.N.Y.1958, 168 F.Supp. 894. In that case the action was instituted in the Southern District of New York where the defendant's "management department" was located, while the actual location of the machines was Georgia. Nevertheless, the New York Court said:

"If infringement there was, it was induced, planned and directed from this district by Jacobs and Ostow, Ojay's only officers. The activities in Georgia were but the mechanical carrying out of orders from New York. I find that such acts, if proven, would be sufficient to satisfy the requirement of 28 U.S.C. § 1400 (b)." Carolyn Chenilles, Inc. v. Ostow & Jacobs, Inc., supra, 168 F. Supp. at pages 896, 897.

This indicates that it is the planning which constitutes the use, not the mechanical execution of the plan. Therefore, as it appears in the present case

880

that the planning was done in New York and instructions were then sent to Marks to be carried out, that case would not be applicable here.

It therefore appears that none of the defendants have committed acts of infringement in this District sufficient to bring them within the meaning of 28 U.S.C. § 1400(b).

█ Furthermore, while not necessary to the determination of this case, it does not appear that either of the defendants have a regular and established place of business in this district. It is not alleged that Inderfurth has any place of business other than in Charlotte, North Carolina, which is outside this district. Fabrionics has in this district no employee on its payroll (though it uses Telephonics' employee), but does have a telephone listing, giving the number of the telephone in Marks' home for which it pays a portion of the charges, a Post Office box in its name (for which Telephonics pays the rent), and some literature and spare parts of which no use has been shown. Telephonics has one employee in this district and pays the rent for one Post Office box.

It is to be noted that the emphasis is on the existence of a regular and established place of business, and not the nature or character of it. McGah v. V-M Corp., D.C.N.D.Ill.1958, 166 F.Supp. 662. Certainly, looking at the two corporations separately, the contacts of each one within this district are too tenuous to constitute a regular and established place of business; but, even by accepting plaintiff's argument that the two should be considered as one, something more substantial is required than appears here. Up Right, Inc. v. Aluminum Safety Products, Inc., D.C.D.Minn.1958, 165 F.Supp. 742.

The motion to dismiss the complaint in this action as against all defendants is allowed and the cause is hereby dismissed at plaintiff's costs without prejudice to the right of the plaintiff to commence the action in districts of proper venue.