Charles Lambíase, J.
Plaintiff has moved ‘ ‘ for an order vacating and setting aside the defendant’s Demand for a Bill of Particulars herein, undated but served on September 11th, 1961, or, in the alternative, modifying said Demand pursuant to Buie of Civil Practice 115, and for such other, further and different relief as to the Court may seem necessary and proper in the premises.” (Notice of Motion, dated Sept. 14,1961.)
Defendant has moved before us “to deny an order to vacate and set aside Defendant’s demand for a Bill of Particulars, and to deny an order in the alternative modifying said demand for a Bill of Particulars pursuant to Buies of Civil Practice 115, and for such other, further, and different relief as the Court may deem necessary and proper in the premises. ’ ’ (Notipe of Motion, dated Sept. 20,1961.)
The complaint contains 13 allegations purporting to allege a cause of action to rescind an insurance policy plus other relief. The demand for a bill of particulars is lengthy and contains 10 general paragraphs most of which demand particulars as to more than one item. It is conceded by the plaintiff that the defendant is entitled to some of the particulars sought, and we are of that opinion also. However, much of the particulars demanded is of an evidentiary nature, and it will require unreasonable and burdensome scrutiny and study of each paragraph of the demand to pick out and sort the proper from the improper because of its form and extent.
‘ ‘ Where a demand is prolix and seeks to meticulously obtain many items of particulars including matters of evidence and which will be burdensome, it is considered more desirable to vacate the demand than to attempt to reconstruct it by the allowance of those items which may be authorized.” (Link Metal Finishing Corp. v. Moskowitz, 95 N. Y. S. 2d 766, 768; Lindly & Co. v. Telephonics Corp., 19 Misc 2d 518; see, also, Kramer v. Hubbell, 67 N. Y. S. 2d 43.) We recognize that the complaint is lengthy, but this does not justify a prolix demand. (Winterstein v. Mauntner, 284 App. Div. 962.)
Plaintiff’s motion for an order vacating and setting aside defendant’s demand for a bill of particulars herein must be and hereby is granted.
Defendant’s motion more particularly hereinbefore set forth must be and hereby is denied.
The determination made by us herein is without prejudice to the defendant to serve an appropriate demand or to move for an order for a suitable bill of particulars, and without prejudice to the plaintiff to make such motions in regard to such new bill of particulars as it may be advised.