### FISCHER v. KARL et al.
### Civil Action No. 6719.

United States District Court
E. D. New York.
April 25, 1949.

Harry Price, New York City, for plaintiff.

Kenyon & Kenyon, New York City, for defendants.

HAROLD M. KENNEDY, District Judge.

This is a motion to file an amended complaint. The claim of the plaintiff is that she

owns a certain valid patent which the defendants are infringing. The case was commenced in 1946. On July 15, 1946, the defendants Ammiel F. Decker and Mabel P. Decker procured an order quashing the service of the summons against them on the ground that they were residents of the Southern District of New York, and under the statute as it then stood, 28 U.S.C.A. § 109, it was impossible in patent suits to sue any defendant in a district of which he was not an inhabitant or in which he had either committed acts of infringement or maintained a regular and established place of business. Under Stonite Products Co. v. Melvin Lloyd Co., 1942, 315 U.S. 561, 62 S. Ct. 780, 86 L.Ed. 1026, it was held that the section referred to was not qualified by exceptions to the general venue provisions which would have made the Deckers suable in this district. 28 U.S.C.A. § 113.

The amendment sought by the plaintiff here is in part a change in the complaint permitted by the late Judge Moscowitz. D. C. 6 F.R.D. 268. But, in addition, plaintiff now seeks to reinstate the complaint against the Deckers because under the new judicial code the venue sections have been re-arranged, and it is plaintiff's theory that the Stonite decision is no longer law. As re-arranged new code section 28 U.S.C.A. § 1392(a) is substantially a restatement of former. 28 U.S.C.A. § 113, and new section 28 U.S.C.A. § 1400(b) is verbally much the same as former 28 U.S.C.A. § 109, under which the service of process against the Deckers was quashed.

■ Of course, the first question to be decided is whether the new code applies at all. The old section 28 U.S.C.A. § 109 (successfully invoked by the Deckers) has been specifically repealed, Act June 25, 1948, c. 646, § 39, 62 Stat. 992, but that is not of any great significance in view of the substantial re-enactment of former 28 U.S.C.A. § 109.

■ Moreover, the repealer section contains the sentence "any rights or liabilities now existing under such sections or parts thereof shall not be affected by this repeal." As is well known, the district courts have had some difficulty with an analogous problem arising under new 28 U.S.C.A. § 1404

(a). Cf. Nunn v. Chicago, Milwaukee, St. P. & P. R. Co., D.C.S.D.N.Y.1948, 80 F. Supp 745; Pascarella v. New York Central R. Co., D.C.E.D.N.Y.1948, 81 F.Supp. 95; United States v. National City Lines, D.C. S.D.Cal.1948, 80 F.Supp. 734. Is immunity against suit in a particular district a "right" which survives the repealer, or has there been a mere procedural change which applies to suits pending before the new code came into effect? Judge Clark, writing in Krenger v. Pennsylvania Railroad Co., 2 Cir., 1949, 174 F.2d 556, reached the conclusion that an agreement *restricting* venue under the Federal Employers' Liability Act, 45 U.S.C.A. § 56, violated a provision in the same statute, 45 U.S.C.A. § 55, forbidding any common carrier to exempt itself from any "liability." Judge Learned Hand, writing in the same case, and concurring in the result of Judge Clark's analysis, felt that the word "liability" did not include "procedural incidents by which the sanctions are imposed." Judge Swan, dissenting, agreed with Judge Learned Hand's interpretation of the word "liability" as used in the Federal Employers' Liability Act, 45 U.S.C.A. § 55, but thought that the plaintiff Krenger had not sustained the burden of impeaching the contract. Thus, two members of the court are of the belief that a privilege of venue given to a plaintiff is not part of the defendant's "liability" but merely a procedural incident. Applying this holding to the case at bar, it seems quite clear to me that the new venue sections apply, and unless these new sections forbid suit against the Deckers in this district, they are no longer immune from suit here. I realize fully that in the Krenger case the court was speaking of what might be termed an offensive privilege of venue given to a plaintiff rather than a venue immunity given to a defendant. It could be that a plaintiff's privilege of suit in a particular district is not in any proper sense part of a "liability," and yet a defendant's immunity against suit in a certain district could be described as a "right." But I feel that if one is a mere procedural incident, so is the other, and the new code provisions apply here.

The next question that arises is whether, under the new code, the Deckers are in fact suable here? As I have said, no very great verbal change has been made in former 28 U.S.C.A. § 109, forbidding such a suit, or in former 28 U.S.C.A. § 113, making an exception to the general rule of venue. However, the sections have been re-arranged. But I find it difficult to believe that Congress, in enacting the new code, intended to overrule the Stonite decision. That case did not actually turn on the physical arrangement of the venue sections, although the court mentioned the fact that Congress, when it inserted the patent case venue section (former 28 U.S.C.A. § 109), probably did not intend that it should be dovetailed into the statute. It seems to me that the decision rests on the broader ground that Congress intended to give a special treatment to patent suits. True enough, considerable stress was put by the court upon the fact that the special patent venue section was enacted *after* the statute containing exceptions to the general venue provisions. But, if the conclusion of the Supreme Court concerning the intention of Congress (i. e., to give special venue treatment to patent cases) was valid when the Stonite decision was written, it is valid today, even though the present judicial code was produced by a single legislative act, and even though the venue section, which would permit suit against the Deckers, precedes the special patent venue section instead of following it as it did formerly. In a word, to grant this motion would be to render 28 U.S.C.A. § 1400(b) completely meaningless. If Congress intended that the venue provisions of 28 U.S.C.A. § 1392 (a) here invoked were applicable to patent suits, it is impossible to conceive why it was found necessary to enact new 28 U.S.C.A. § 1400(b), which, at least in the case at bar, is a limitation of venue specifically applicable to the cause.

The motion to add the Deckers as parties defendant is denied; in other respects, the motion is granted.