## CURTIS et al. v. MADOVOY et al. °
### Civ. No. 9913.

United States District Court
E. D. New York.
June 14, 1949.

---

Harry Price, New York City, for plaintiffs.

Irving Seidman, New York City, for defendants.

GALSTON, District Judge.

The motion is for a dismissal of the complaint, pursuant to Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C.A., as against the defendants B. Kittay & Sons, Mayfair Merchandise Co., M & A Wares Co., Greenman Bros., Inc. and L. A. Sales Co., Inc., for want of jurisdiction.

The complaint alleges infringement of design letters patent No. 107,672, of trademark registration No. 355,044, and of copyright A-282,542.

The plaintiffs are citizens of Connecticut. The defendants are alleged to be citizens of New York. The defendants Minerva Toy Co. and Davis Bros. are located and do business in Brooklyn, but all the other defendants have their places of business in the Southern District of New York.

So far as venue under the patent statute is concerned, it is determined by section 1400, subdivision (b), Title 28 U. S.C.A., and recites that any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where he has committed acts of infringement and has a regular and established place of business. Clearly that section would not enable the plaintiff in this case to bring in those defendants whose places of business are in the Southern District of New York in the absence of allegations that they have committed infringements in the Eastern District of New York. The controlling authority is Stonite Products Co. v. Melvin Lloyd Co. et al., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026.

Judge Kennedy of this court had a similar question before him in Fischer v. Karl et al., 84 F.Supp. 53.

As to the alleged copyright infringement, venue is governed by the same section, subdivision (a), and reads: "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights may be instituted in the district in which the defendant or his agent resides or may be found."

Hence the Eastern District is not the proper venue as to alleged copyright infringers who reside or may be found in the Southern District of New York.

So far as the alleged infringement of the trade-mark is concerned, jurisdiction arises under Title 28 U.S.C.A. § 1338, but unlike the restrictive venue provisions relating to patent or copyright infringement suits, it would seem that the plaintiffs may rely on section 1392(a), which reads: "Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts."

The motion is granted in part as to the alleged patent and copyright infringements, but denied as to the trademark cause.

Settle order on notice.