**NACHTMAN v. JONES & LAUGHLIN STEEL CORPORATION.**

Civ. A. 422–50.

United States District Court
District of Columbia.

May 29, 1950.

David G. Bress (of Newmyer & Bress), Washington, D. C., for plaintiff.

Edgar J. Goodrich, and James M. Carlisle, Washington, D. C., Walter J. Blenko, Pittsburgh, Pa., for defendant.

TAMM, District Judge.

■ In this action for damages, accounting and injunctive relief, based on patent infringements, defendant has moved to dismiss, or, in the alternative, to transfer the action to the United States District Court for the Western District of Pennsylvania, on the grounds that the action has been instituted in the wrong district, because:

"(a) The jurisdiction of this Court is invoked solely under Section 1338 of the Judicial Code (28 U.S.C.A. § 1338) on the ground that the action is one for patent infringement;

"(b) The Complaint does not contain any allegation that the defendant resides in, or is a corporation of, the District of Columbia, or that defendant has committed acts of infringement within the District of Columbia;

"(c) Defendant is a Pennsylvania corporation, resident in Pittsburgh, in the Western District of Pennsylvania, and the alleged infringement occurred in the Western District of Pennsylvania."

Section 1400(b) of Title 28, U.S.C.A. provides that: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

There is no allegation in the complaint that the defendant has "committed acts of infringement" in the District of Columbia, hence it is only to the first part of this venue statute that the Court directs its attention. Plaintiff contends that since the word "resides" is not defined in this provision of the statute, the Court is required to refer to the definition contained in § 1391 (c) of Title 28, wherein it is provided: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

This, in effect, would result in § 1400(b) being interpreted as follows: "Any civil action\ for patent infringement may be brought in any judicial district where the defendant is incorporated or licensed to do business or is doing business, or where the defendant has committed acts of infringement and has a regular and established place of business," thereby completely nullifying the specific venue statute relative to patent infringement suits. The Supreme Court, in the case of Stonehite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026, has held that the patent infringement venue statute was enacted by the Congress as an exception to the general venue statute and not that the two sections are complementary. While this decision was based on a prior Act, 29 U.S.C.A. § 109, the basic principle enunciated therein remains the same under the present Code provision.

■ The defendant admits that it maintains a place of business in the District of Columbia "solely for the soliciting of orders". Whether this constitutes "residence" within this judicial district need not be determined at this time for it is the opinion of the Court that the interests of justice would be best served by a trial of this cause in the District Court for the Western District of Pennsylvania. Title 28 U.S.C.A. § 1404(a) provides for a transfer of cases where there are alternative forums and § 1406(a) provides for a transfer of cases where the action has been instituted in the wrong district.

The defendant is a Pennsylvania corporation with its principal place of business in Pittsburgh, which is within the jurisdiction of the District Court for the Western District of Pennsylvania; plaintiff alleges that he is a citizen of the United States presently residing temporarily in New York and in the District of Columbia (though he indicates only an office address here); there is no allegation that the acts of infringement took place in this jurisdiction; and, it is evident to the Court that many of the witnesses will be from Pittsburgh, and the trial will center around activities in Pittsburgh, since by a contemporary motion plaintiff has sought leave, inter alia, to

inspect, copy or photograph detailed drawings of defendant's tin lines as originally installed and as now operating at defendant's Pittsburgh plants, as well as an inspection, etc. of the tin lines themselves.

In the light of the foregoing it is, therefore, the ruling of this Court that it would be in the interests of justice to transfer this cause to the Western District of Pennsylvania.

Counsel will present appropriate Order.