## DALTON v. SHAKESPEARE CO.
### No. 13778.

United States Court of Appeals,
Fifth Circuit.

April 18, 1952.

George H. Baldwin, Jacksonville, Fla., Sam Bucklew, Tampa, Fla., for appellant.

Arthur L. Anderson, Tampa, Fla., for appellee.

6. See 28 U.S.C. §§ 1291 and 1292.

Before HUTCHESON, Chief 'Judge, and BORAH and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal from a judgment dismissing, for improper venue, a claim for patent infringement, brought in Miami, Florida, upon allegations that the defendant is doing business in the state of Florida, and, therefore, for purposes of patent suit venue,[1] resides there, presents a single question for our decision.

It was plaintiff's contention below, it is its contention here, that Sec. 1400(b) must be read in connection with Sec. 1391(c), the general venue section, and that, so read, the definition of the residence of a corporate defendant for venue purposes contained in Sec. 1391(c)[2] must be read into Sec. 1400(b) with the result that venue in patent infringement actions is now properly laid against a corporate defendant in any district in which it is doing business, just as it is properly so laid under the general venue section.

The defendant, insisting that Sec. 1400 (b)[3] is a continuation, without change, of old section 109, and that the word "resides" as used in the new section must be given the same meaning that "inhabitant" had under the old section, prevailed upon the court to hold: that the use of the word "resides" in Sec. 1400(b) was not intended to import into the special patent venue section the idea of residence embodied in Sec. 1391(c).

Appealing from that judgment, appellant is here insisting that the court erred in giving to 1400(b) the narrow construction urged by defendant, and that the judgment should be reversed with directions to the court to take cognizance of the claim.

As appellant sees the question for decision, it is:

Does the definition of the "residence" of a corporate defendant, for venue purposes, in Sec. 1391(c) of Title 28, inhere in the term "resides" in Sec. 1400(b), with the result that venue in patent infringement actions is properly laid against a corporate defendant in any district in which it is doing business?

Appellee sees it thus:

Did congress intend to change the venue provisions in patent infringement cases, in which the defendant is a corporation, by the adoption of Sec. 1391(c) and 1400(b), Title 28 U.S.C.?

Each at the time of the argument conceded that no appellate decision dealing with the question had been found. Each, however, had found, and did rely on, district court decisions supporting his view.

Appellee relies upon the opinion in Nachtman v. Jones & Laughlin Steel Corp., D.C., 90 F.Supp. 739, and upon a general line of argument that 1400(b), the patent infringement suit section, is just as independent of the general venue provisions of Sec. 1391, as old section 109 was of old sections 111 and 112. Citing in his support Ackerman v. Hook, 3 Cir., 183 F.2d 11, he relies also on Rava v. Westinghouse Electric, D.C., 90 F.Supp. 707; Arkay Infants Wear, Inc., v. Kline's Inc., D.C., 85 F.

---

1. "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S. C. § 1400(b).

2. "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

3. Section 1400(b) reads as follows:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

Old Section 109 reads as follows:

"In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business."

Supp. 98, and Fischer v. Karl, D.C., 84 F. Supp. 53.

Its main reliance, however, is on the opinion of Judge Harrison, in Gulf Research & Development Co. v. Schlumberger Well Surveying Corp., D.C., 92 F.Supp. 16. In it, upon a quite thorough canvass and discussion of the question, Judge Harrison refuses to follow the view, taken by Judge Hall in the same district, that the use of the word "resides" in 1400(b) should be construed as adopting the definition of "residence" contained in Sec. 1391(c).

Appellant, criticizing the Schlumberger case as not well reasoned, relies in his turn on Farr Co. v. Gratoit, D.C., 92 F.Supp. 320; Radio Corp v. Paramount, (not reported) (Southern District of California), and on Moore's "Commentary on the United States Judicial Code", in which the author states of Section 1391(c):

> "This is a provision of general applicability to a corporate defendant, whether the case be one governed by a general venue provision, or by a special venue provision within Title 28, such as 1400(b) governing a patent infringment action, or by a special venue provision contained in some other Title of the United States Code".

He cites also to the same effect an article on "The Federal Judicial Code of 1948", in the Journal of the State Bar of California, Vol. XXIII, No. 5, in which its author, Edward L. Barrett, says of Section 1391(c) at p. 331:

> "The express provision that the district in which a corporation is licensed to do business or is doing business 'shall be regarded as residence of such corporation for venue purposes' shall apply in all the special venue statutes".

Insisting that the only decisions to the contrary of this view are Gulf Research & Development Co. v. Schlumberger Well Surveying Corp., supra, and Aetna Ball & Roller Bearing Co. v. Federal Bearing Co., D.C.N.D.E.D.Illinois (not reported), none of which are well considered, appellant cites and relies on, as of controlling significance, the reasoning of the court in Ex Parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207, and U. S. v. National City Lines, 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226, wherein it was decided that the general language "any civil action" in Sec. 1404(a) of Title 28, made this section applicable to suits under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–59, and to the Sherman Act, 15 U.S.C.A. §§ 1 and 2.

Then proceeding to a discussion of the statutes under review, appellant, pointing to the clear and unambiguous language in both sections 1391(c) and 1400(b) and to the settled rule that resort to legislative history and to speculation as to Congressional Intent is precluded, Cf. Collett and National City Lines, supra, insists that it is plain from a consideration of the revision as a whole that the words "reside" and "residence", as used in the several sections of Chapter 87 are intended to have a consistent meaning.

Urging upon us that any attempt to rewrite the statutes to accord with any assumed intent of congress to carry forward the old provisions would lead to ambiguities, inconsistencies and illogical results, appellant insists that the plain terms of the statute, with their logical result, should instead be followed.

To appellee's reliance on the decision in Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026, that Section 109, the forerunner of Section 1400(b), was independent of Section 113, the forerunner of Sec. 1392(a), appellant replies: that no problem of overruling or departing from Stonite is here involved, that that decision does not support the proposition, in effect put forward by appellee, that plain statutory language must be disregarded.

It must be admitted at the outset that the question debated here is quite debatable. This is evidenced not only by the fact of the differing opinions of the other district judges who have been faced with and have decided the question, but also by the differing views entertained by the district judge below in the course of taking his final stand.

It does not follow, however, that, because it is debatable, the question is insoluble or that a solution of it may not be found in the plain language of the statute. Indeed it seems to us that the difficulties arise not out of the words the statute used but out of the strained efforts to make them read otherwise than as they do.

Appellee, for instance, emphasizing the statement of Judge Biggs, in Carlisle v. Kelly, 3 Cir., 175 F.2d 414, 416:

> "* * * the views of the Supreme Court expressed in its decisions were crystalized in Section 1391(c) of Title 28, U.S.C.A. * * * The language of the subsection is new but its essence is of the Schollenberger [Schollenberger, Ex parte, 96 U.S. 369, 24 L.Ed. 853], Neirbo [Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 60 S. Ct. 153, 84 L.Ed. 167] and Gulf Oil [Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055] rulings."

urges upon us that it was well established, prior to the 1948 revision of the Code, both that old Sections 111 and 112 were without effect in patent cases and that the Neirbo and Gulf Oil rulings did not apply to patent actions. So urging, it insists that, since Sec. 1391(c) embodies those decisions, it must be held that Sec. 1400(b), a continuation of old Section 109, cannot be construed as also embodying them. But this idea is not, we think, sound both because old Section 109 did not, and Section 1400(b) does, use the word "resides" instead of the word "inhabitant," and the word "resides" is precisely defined in Section 1391(c).

Since this case was argued, appellee, calling our attention to, and relying strongly on, the opinion in C-O-Two Fire Equipment Co. v. Barnes, 7 Cir., 194 F.2d 410, Lindley dissenting, insists that this, the first Court of Appeals decision on the question, is correctly decided and that we should follow it.

We do not think so. While we agree with the statement in the majority opinion that the differing opinions of Judges Harrison and Hall in the two district court cases from the Southern District of California contain about all that can be said on the opposing sides of the controversy, the reliance on the plain language of the statutes evidenced in Judge Farr's opinion and in the dissenting opinion of Judge Lindley, commends itself to us. We are unable to follow the opinion of the majority in the C-O-Two Fire Equipment Co. case, supra, that the contention of appellant will introduce an inconsistency into 1400(b). We think, on the contrary, that if the word "resides", as used in 1400(b), is given the statutory definition of residence, set out in 1391(c), Section 1400(b) will be rendered more clear and workable. If, on the contrary, we must look elsewhere than in Section 1391(c) for the meaning of the word "resides", as it appears in Section 1400(b), we will be placed in the untenable position of searching for light in language which has been deliberately abandoned instead of in language deliberately chosen out of the experience of the past and carefully defined for the future.

If Congress had intended the definition of Section 1391(c) to be limited to certain types of actions, congress would, we think, have plainly said so. If, on the contrary, congress had intended to provide that corporations are, for venue purposes, residents of those districts in which they are doing business, regardless of the particular wrong with which the corporation may be charged, it, by using the word "residence" in Section 1391(c) and "resides" in Section 1400(b), certainly took the right course to do so.

We see no reason for straining, as opinions taking the contrary view appear to us to do, to find that the definition of "residence" contained in Section 1391(c) should not be consistently applied as the definition of "residence" applicable to all corporate defendants. We think the judgment was wrong and that it must be reversed with directions to take cognizance of the infringement claim.

Reversed and remanded for further and not inconsistent proceedings.