## C–O–TWO FIRE EQUIPMENT CO. v. BARNES, Judge.

### No. 10512.

United States Court of Appeals Seventh Circuit.

Feb. 1, 1952.

Writ of Certiorari Granted April 21, 1952.
See 72 S.Ct. 763.

Irving Herriott, Chicago, Ill., R. Morton Adams and Edward T. Connors, New York City, for petitioner.

George I. Haight, John W. Hofeldt, Andrew J. Dallstream, Fredric H. Stafford, Chicago, Ill., for respondent.

Before MAJOR, Chief Judge and LINDLEY and SWAIM, Circuit Judges.

MAJOR, Chief Judge.

The question for decision is whether the definition of corporate "residence" for venue purposes contained in Title 28 U.S.C. A. § 1391(c) applies to Sec. 1400(b) of the same Title, relating to venue in actions for patent infringement.

On June 26, 1951, Cardox Corporation, an Illinois corporation, instituted in the Northern District of Illinois, Eastern Division, its action against C-O-Two Fire Equipment Company, as defendant, charging patent infringement. The complaint alleged that the action arose under the patent laws of the United States, and venue was predicated upon the allegation, "defendant * * * is a corporation organized and existing under the laws of the State of Delaware, and is licensed to do business in the State of Illinois, is a resident of and has a regular and established place of business in and is doing business in the Northern District of Illinois, Eastern Division, with offices at 444 North Lake Shore Drive, Chicago, Illinois." It will be noted that there was no allegation that "the defendant has committed acts of infringement" in the District where the suit was instituted. Predicated upon this ground the defendant, on July 12, 1951, filed its motion for a dismissal of the action because of a failure to allege proper venue. Defendant also suggested to the court that instead of dismissing the action it would be appropriate to transfer it, under the discretionary provision of Sec. 1406(a) of Title 28 U.S.C.A.

The defendant in support of its motion submitted affidavits of its president and secretary, admitting that defendant was licensed to do business and had a place of business within the Northern District of Illinois but stating that such business as was transacted there was not related to the alleged infringing acts and that defendant had committed no alleged infringing acts within the Northern District of Illinois, and admitting that it had committed acts of the kind complained of in the State of New Jersey, where the defendant maintained its principal office and manufacturing plant, kept all of its books and records relating to the alleged infringing activities

and where its officers, engineers and employees who were acquainted with the alleged infringing activities were located.

On October 15, 1951, the District Court, Honorable John P. Barnes presiding, respondent herein, entered an order denying defendant's motion to dismiss or in the alternative to transfer the cause, and ordered the defendant to answer the complaint within thirty days.

On October 29, 1951, the defendant (hereinafter referred to as the petitioner) filed in this court its petition for writ of mandamus to the Honorable John P. Barnes, directing that he vacate and set aside the order entered October 15, 1951, denying the motion to dismiss or in the alternative to transfer the case. To this petition an answer was filed by respondent on November 14, 1951, disclaiming interest in the cause or the issues thereof other than such interest as any other citizen of the United States should have. On November 27, 1951, Cardox Corporation, plaintiff in the suit below, was, upon its petition, given leave to intervene in this court and to contest the issuance of the writ sought by petitioner. (Cardox Corporation will be hereinafter referred to as the intervenor.)

■ In the beginning, we conclude that this court has the power to issue the writ of mandamus and, if petitioner is correct in its position, that it is an appropriate case for the exercise of such power. Ford Motor Co. et al. v. Ryan, 2 Cir., 182 F.2d 329, 330; Paramount Pictures, Inc., et al. v. Rodney, 3 Cir., 186 F.2d 111, 116. Cf. Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207. We need not labor this point, however, because intervenor in its brief raises no question in this respect and in oral argument conceded both the power of the court and the appropriateness of the remedy.

The question for decision stated in the beginning, in reality, simmers down to the inquiry as to whether venue in a patent infringement suit can properly be laid in a District other than that of its incorporation, even though it has a regular and established place of business in such District,

in the absence of an allegation that it has committed acts of infringement therein.

Petitioner in support of its position contends that Sec. 1391(c), a general venue provision, has no application to Sec. 1400 (b), a special venue provision relating solely to actions for patent infringement. Petitioner cites numerous court decisions which assertedly support its position and places much reliance upon the legislative history, including the Reviser's Notes, as demonstrating a clear intention on the part of Congress to make no change in the law of venue in suits for patent infringement as it existed prior to the revision of the Judicial Code.

The intervenor contends that Secs. 1400 (b) and 1391(c) are complementary and that the definition of "residence" contained in the latter section must be given effect and applied to the former. Intervenor likewise cites court decisions asserted to support its contention. It, however, attaches little if any weight to the legislative history or the Reviser's Notes which accompany the two sections, on the premise that the phraseology found in the two sections, and particularly Sec. 1391(c), is so clear and unambiguous as not to permit of any interpretation or construction. Intervenor's argument goes to the extent of asserting that the adoption of petitioner's position would require judicial legislation by adding to the end of Sec. 1391(c) the phrase, "except in patent litigation."

Much is said by the parties in their briefs relative to the interpretation or construction which should be given to the two sections in controversy but, in our view, it is more accurate to state that the issue depends upon whether the two sections must be read together or, more pointedly, whether Sec. 1391(c) is applicable to Sec. 1400(b). The numerous sections of Chapter 87 of the Judicial Code prescribe the venue of District Courts under a variety of circumstances. Sec. 1391(c), entitled "Venue generally," provides: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such

judicial district shall be regarded as the residence of such corporation for venue purposes."

Sec. 1400(b), entitled "Patents and copyrights," provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

█ Thus, the former section is general and applies only to a corporation, while the latter is special, relating to a specific subject matter and evidently is applicable to individuals as well as corporations. We agree with the intervenor's contention that the phraseology of Sec. 1391(c) is clear, plain and unambiguous and is not susceptible to interpretation or construction. But even so, the point is immaterial. The question is whether Sec. 1391(c) has any application to Sec. 1400(b), or more pointedly, whether the latter section is dependent for its force and vitality upon the former. And the acceptance of petitioner's contention requires no interpretation or construction of Sec. 1391(c) other than that it be held inapplicable to an action for patent infringement. Sec. 1391(c) would remain just as it is written, to be given application in an appropriate situation.

█ On the other hand, intervenor's contention, if accepted, would result in partial if not complete emasculation of Sec. 1400(b) as it relates to a corporate defendant in actions for patent infringement. This incongruous result is highlighted by a recasting of the section so that it will read in accordance with such contention. The following is the result (the italicized words we insert): "Any civil action *against a corporation* for patent infringement may be brought in the judicial district where the defendant resides, *to wit, in the judicial district in which it is incorporated or licensed to do business or is doing business,* or where the defendant has committed acts of infringement and has a regular and established place of business."

The two alternatives for venue in Sec. 1400(b) stem from old Sec. 109, Judicial Code Sec. 48, with only slight changes in phraseology. As to this predecessor provision, it has been held that it conferred upon defendants in patent cases a privilege in respect to the places in which suits could be maintained against them. General Electric Co. et al. v. Marvel Rare Metals Co. et al., 287 U.S. 430, 435, 53 S.Ct. 202, 77 L.Ed. 408. See also Stonite Products Co. v. Melvin Lloyd Co. et al., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026. No purpose is discernible on the part of Congress, in its revision, to eliminate or minimize this privilege or the protection which it afforded. And certainly if there had been such a purpose, Congress would not have attempted to accomplish it in such an awkward and indirect fashion.

A reading of the provision recast conformable to intervenor's contention makes it apparent, so we think, that the first alternative as a venue limitation becomes abortive and the second meaningless if not inconsistent. What purpose could be served in limiting venue to the District where the defendant resides if that includes not only the District of its incorporation but also a District either in which it is licensed to do business or is doing business? And if a corporation can be sued where it "is doing business," what possible purpose can be served by the second venue alternative, "where the defendant has committed acts of infringement and has a regular and established place of business"? Intervenor's contention would permit a suit to be brought in the District where the defendant "is doing business" but not in the District where it has a "regular and established place of business" in the absence of a showing that the defendant "has committed acts of infringement" in such District. Such an anomalous theory, if embraced, would make a dead letter out of the second alternative in the patent venue section. The plaintiff in determining proper venue for his suit against a corporation for patent infringement would hardly need to read Sec. 1400(b). Why bother with an allegation that the "defendant has committed acts of infringement and has a regular and established place of business" in the District, which it later would be required to prove, when an alle-

gation that the defendant is "doing business" in the District would suffice? And it would be futile for the defendant to rely upon the special venue provision in a patent infringement suit because the privilege or protection which that section was designed to afford would no longer exist. In fact, it appears to us that the theory which intervenor would have us embrace would make the patent venue section more inclusive than the general corporate venue section.

In the Stonite case, 315 U.S. 561, 62 S. Ct. 780, 86 L.Ed. 1026, the court held that a general venue statute must give way to Sec. 48, the special statute relating to venue in patent infringement suits. The court reasoned that the special statute was not affected by general provisions, that the former was adopted "to define the exact jurisdiction of the federal courts in actions to enforce patent rights," and that such purpose indicated that Congress did not intend "to dovetail with the general provisions relating to the venue of civil suits, but rather that it alone should control venue in patent infringement proceedings." True, this decision was prior to the adoption of the present Code and is, therefore, not decisive of the instant question, but the rationale which the court employed is, in our opinion, pertinent to the present situation. Especially is this so when no purpose to change the existing law is evidenced by a reading of the two sections under consideration or by the Reviser's Notes shown in connection therewith. And it doesn't seem likely that Congress would have made such an important departure from the law as it then existed relative to venue in patent infringement cases without so stating.

Intervenor's argument that the residence of a corporation was not defined in Sec. 1400(b) and that resort must, therefore, be had to Sec. 1391(c) at least has the virtue of some plausibility; however, we think the argument must be rejected on the basis that the latter section is without application. Moreover, as heretofore stated, the Reviser's Notes unmistakably disclose that the only change made in the patent venue section as it then existed was one of phraseology and not of substance. In fact,

the only change made pertinent to the question under discussion, as stated in the Reviser's Notes following Sec. 1400, is as follows: "Words in subsection (b) 'where the defendant resides' were substituted for 'of which the defendant is an inhabitant.' A corresponding change was made in subsection (a). Words 'inhabitant' and 'resident,' as respects venue, are synonymous." We think there is disclosed an unmistakable intention as well as purpose neither to enlarge nor diminish the venue in patent infringement suits but to leave it as it then existed, and that means, of course, that under the first alternative of the section a defendant corporation can be sued only in the place of its incorporation.

Intervenor places much stress upon Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207, and asserts that practically every argument advanced by the petitioner here was made by the petitioner in that case and rejected by the Supreme Court. We are of the view that the reasoning of the Collett case is inapplicable here, and in any event not controlling. There, the court held that Sec. 1404(a), relating to the right to transfer, was applicable to Sec. 6 of the Federal Employers' Liability Act, 45 U.S.C.A. § 56, which determined venue in actions thereunder. Relative thereto, the court stated, 337 U.S. at page 60, 69 S.Ct. at page 947: "Section 6 of the Liability Act defines the proper forum; § 1404(a) of the Code deals with the right to transfer an action properly brought. The two sections deal with two separate and distinct problems. Section 1404(a) does not limit or otherwise modify any right granted in § 6 of the Liability Act or elsewhere to bring suit in a particular district. An action may still be brought in any court, state or federal, in which it might have been brought previously."

We think it apparent that the situation before the court in that case was quite different from that of the instant case. There, the court was dealing with two sections, one which bestowed venue and the other which provided for transfer when venue was properly laid, and the latter did not "limit or otherwise modify any right granted in" the former. Thus the court

gave effect to both provisions because they were not inconsistent and neither provision abridged any right contained in the other. In contrast, the two sections in the instant matter both relate to venue and they cannot be applied, as intervenor would have us do, without making one section dependent upon the other and, as already shown, this would result for all practical purposes in the emasculation of Sec. 1400(b).

The instant question has been before the District Courts in a number of cases, some precisely in point and others persuasive because of their close analogy. The weight of such decisions militates strongly against the intervenor's position. One of the best reasoned opinions is that of District Judge Harrison in Gulf Research & Development Co. et al. v. Schlumberger Well Surveying Corp., 92 F.Supp. 16, 19. Among other things he stated, 92 F.Supp. at page 19, "The Reviser's Notes make it evident that today, 1400(b) stands in the same situation as did Section 109 at the time of the Stonite opinion in 1942 and that the Stonite case is just as much in point now as then," and "I hold that Section 1391(c) is not complementary to Section 1400(b); that the word 'resides' in Section 1400(b) means the same as the word 'inhabitant' in the former Section 109, and that the interpretation placed upon said former Section 109 applies to its revision as set forth in the revised Section 1400(b)." This opinion is also interesting from the fact that Judge Harrison reached a result opposite to that reached by two of his associates on the same court. Farr Co. v. Gratiot et al., D.C., 92 F.Supp. 320, and Radio Corp. of America v. Paramount Pictures, Inc., D.C. S.D.Cal.1950, an unreported decision. The opinion in the Farr case was written by District Judge Hall. The opinions in these two cases, that is, in Gulf and Farr, written by Judges in the same District, contain about all that can be said on the opposing sides of the controversy. We think Judge Harrison reached the right result.

In Nachtman v. Jones & Laughlin Steel Corp., D.C., 90 F.Supp. 739, 740, the court held that Sec. 1400(b) was not enlarged by Sec. 1391(c) and that to do so would completely nullify "the specific venue statute relative to patent infringement suits."

In Fischer v. Karl et al., D.C., 84 F.Supp. 53, 55, the court stated: "In a word, to grant this motion would be to render 28 U.S.C.A. § 1400(b) completely meaningless. If Congress intended that the venue provisions of 28 U.S.C.A. § 1392(a) here invoked were applicable to patent suits, it is impossible to conceive why it was found necessary to enact new 28 U.S.C.A. § 1400 (b), which, at least in the case at bar, is a limitation of venue specifically applicable to the cause."

We cite without further comment the other cases which support in one form or another petitioner's position. Ackerman v. Hook et al., 3 Cir., 183 F.2d 11; Arkay Infants Wear, Inc., v. Kline's Inc. et al., D.C., 85 F.Supp. 98; Rava v. Westinghouse Electric Corp., D.C., 90 F.Supp. 707; Curtis et al. v. Madovoy et al., D.C., 84 F.Supp. 637; Aetna Ball & Roller Bearing Co. v. The Federal Bearing Co., Inc., decided by Judge Igoe in the Northern District of Illinois.

■ Holding as we do that venue was improperly laid, the relief sought by the petitioner must be granted. Title 28 U.S. C.A. § 1406(a) undoubtedly is applicable to the situation. It provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Thus, two alternatives are provided, (1) a dismissal of the case or (2) if it be in the interest of justice, a transfer to the appropriate District. Respondent, therefore, is directed to give effect to one or the other of such alternatives, without prejudice to his right to decide which it shall be.

LINDLEY, Circuit Judge (dissenting).

The problem here seems to me a simple one. Sec. 1400(b) of Title 28 U.S.C. provides, in its very first clause, that an action "for patent infringement may be brought in the judicial district where the defendant

resides". Sec. 1391(c) of Title 28 U.S.C. prescribes that the district in which a corporation is incorporated or licensed to do business or is doing business "shall be regarded as the residence of such corporation for venue purposes." The intervenor, plaintiff below, averred in its complaint that defendant, petitioner here, is a corporation licensed to do business in Illinois and is doing business within the Northern District of Illinois, thus bringing defendant within the class of corporate defendants whose residence is, by virtue of Sec. 1391(c), within the Northern District of Illinois. It seems to me that the District Court could not have done other than it did without doing violence to the clear provisions of the two sections. Inasmuch as defendant is a resident of the Northern District of Illinois, by virtue of the express provisions of Sec. 1391(c), plaintiff had a right, under Sec. 1400(b), to bring the suit in that District. To hold otherwise seems to me to require that we interpolate at the end of Sec. 1391(c) the phrase "except in patent infringement cases." To do so is beyond our function. I would deny the petition.