FAIRHOPE FABRICS, Inc.,
Plaintiff,

v.

MOHAWK CARPET MILLS, Inc., Belknap & McClain, Inc., John H. Pray & Sons Company, Defendants.

Civ. A. No. 55-1040.

United States District Court
D. Massachusetts.

April 9, 1956.

**314**

Louis A. Horvitz, Horvitz & Horvitz, Fall River, Mass., Herbert B. Barlow, Barlow & Barlow, Providence, R. I., for plaintiff.

Herbert P. Kenway, Kenway, Jenney, Witter & Hildreth, Boston, Mass., for defendants.

SWEENEY, Chief Judge.

This is a suit for an alleged infringement of the plaintiff's patent. The defendants Belknap & McClain, Inc., and John H. Pray & Sons Company, are residents of Massachusetts, and the defendant Mohawk Carpet Mills, Inc., has its plant located in Amsterdam, New York, but is qualified to do business within the Commonwealth of Massachusetts, has designated a person for service of process in Boston, Massachusetts, and has by this act consented to be sued in this District. This all appears from the defendant's answer. The defendant's answer avers that insofar as Mohawk Mills, Inc., is concerned the venue is improper.

The plaintiff has filed a notice to take depositions upon oral examination of all the defendants through their presidents and executive officers at Rooms 15 and 16 in the Federal Building, Boston. The defendant Mohawk has filed a motion that the deposition of the defendant Mohawk through its officers and employees be taken at Amsterdam, New York, where its records and employees are located, rather than in Boston. This portion of the motion is denied unless it shall appear that voluminous records are required by the plaintiff, in which instance a new application may be made under Rule 30(b), 28 U.S.C.A., for a transfer of the taking of the deposition to Amsterdam, New York.

In its motion the defendant Mohawk also asks that the examination be limited to the activities of the Mohawk Carpet Mills, Inc., within the District of Massachusetts on the ground that its principal place of business is in Amsterdam, New York, and that it has not committed any acts of infringement within the District of Massachusetts.

Bedford Rayon Company, in New Bedford, Massachusetts, in which yarns were manufactured for Mohawk's products is a wholly owned subsidiary of Mohawk. Mohawk maintained an office in Boston for use of a manager and

other employees. Its name is inscribed on the door and the office bulletin board. It has qualified to do business in Massachusetts, and has designated a person upon whom process may be served in Boston. All sales are consummated by its acceptances at the home office in Amsterdam, N. Y., and sales are f. o. b., Phoenixville, Pennsylvania, or Laurinburg, North Carolina, where its knitted carpets are manufactured. Since the commencement of this action Mohawk has consolidated with Alexander Smith, Incorporated, of New York, to form the corporation now named Mohasco Industries, Inc. This fact has no present effect on the questions involved.

In preliminary, it was the option of the defendant Mohawk to assert improper venue by its answer rather than by prior motion, under Rule 12(b), Federal Rules of Civil Procedure; Duval v. Bathrick, D.C., 31 F.Supp. 510. The question is properly before this Court. Its presence introduces the more complex question of proper venue in a patent action brought by a domestic corporation against a foreign corporation. The questions involved are not so unique as the solutions recorded. Sections 1391(c) and 1400(b), 28 U.S.C.A. are familiar contestants in patent suits. The historical formation of their contest has been thoroughly explored in the different and differing districts and circuits, as in: Ronson Art Metal Works v. Brown & Bigelow, D.C.N.Y., 104 F.Supp. 716, and cases therein discussed; Otto v. Koppers Co., D.C.W.Va., 134 F.Supp. 886; Ruth v. Eagle-Picher Co., 10 Cir., 225 F.2d 572; Dalton v. Shakespeare Co., 5 Cir., 196 F.2d 469; Ackerman v. Hook, 3 Cir., 183 F.2d 11. The split of opinion extended through the Seventh Circuit Court of Appeals to an equally divided Supreme Court in the case of C-O-Two Fire Equipment Co. v. Barnes, 194 F.2d 410, affirmed in 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 695. In the C-O-Two case the holding was that § 1400(b) stands by itself. The equal division of the Supreme Court on the question, which is the precise issue involved in

this case, leaves this Court restricted only in reasoning unless the First Circuit has decided the question for the courts of this Circuit. I find no decision of the First Circuit Court of Appeals treating the question whether in a patent infringement suit by a resident corporation against a foreign corporation, the term "resides" as employed in § 1400(b) has a meaning of its own force, or must be further defined and extended by the regard given to the word "residence" in the general venue provision of § 1391(c). However, in 1920, there was a holding in I. T. S. Rubber Co. v. Essex Rubber Co., D.C., 270 F. 593, that under the Judicial Code, § 48, it was essential to the Court's jurisdiction that a nonresident corporation both have a regular and established place of business in the district and have committed acts of infringement within the district. It is noted here that the plaintiff's allegation of infringement does not specify such infringement in Massachusetts.

Prior to the enactment of the present Judicial Code, Title 28 U.S.C., in 1948, the venue provision governing patent infringement suits was § 48, Judicial Code, 28 U.S.C. § 109. In California Stucco Products Co. of N. E. v. National Gypsum Co., D.C.1940, 33 F.Supp. 61, a case decided in this district, it was held that the statutory appointment of the Commissioner of Corporations and Taxation of Massachusetts, by a foreign corporation as its lawful attorney for the service of process under General Laws Massachusetts (Ter.Ed.) Chapter 181, § 3, constituted a waiver of the venue privilege by the foreign corporation. However, in 1941, the Supreme Court ruled that 28 U.S.C. § 109, was "the exclusive provision controlling venue in patent infringement proceedings". Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 781, 86 L.Ed. 1026.

I am impressed by the reasoning in this case, and in cases decided since the enactment of the Judicial Code in 1948 which have held that Congress intended that § 1400 should be the exclusive determinant of venue in patent

suits. In the generality of cases, it is more convenient and expedient that the suit be heard at the site of the infringement. It accords as well with reason that a special venue provision has little purpose if it is not a distinct exception to a general venue provision. This tenet need not be labored.

 However, in the present action the fact is that the defendant Mohawk has entered the case to defend it on the merits. This was admitted by Mohawk's attorneys. In addition, the control and entire expense of the litigation is being reposed in Mohawk. It has availed itself of the power of discovery under the Federal Rules, by taking depositions, and maintaining the entire conduct of the proceedings.

In the light of this participation, Mohawk has waived its § 1400(b) venue privilege, under § 1406. Mohawk has thereby determined that the Massachusetts forum is the convenient forum to litigate the issues of claimed patent infringement, and in fairness must accept the consequence of its responsibility as a party, whether for good or for ill. The basis of venue being convenience to the parties, it has been demonstrated by the actions of all parties that this District is the forum conveniens.

Research indicates that the precise question of waiver here treated is without precedent in case authority. Several cases approach the question, e. g., Freeman-Sweet Co. v. Luminous Unit Co., 7 Cir., 264 F. 107; (concerning the joinder of vendor in patent action against its vendee, where vendor's counsel defended the suit.); Blank v. Bitker, 7 Cir., 135 F.2d 962; (on the taking of depositions), but none wherein the defendant's answer properly raises the question of venue, but where its conduct supplies the solution to its own question. In this instance, Mohawk vitiated its own defense by proceeding to defend the merits of the action in spite of its asserted inconvenience.

This portion of the motion of the defendant Mohawk is denied.

Conclusion.

Both aspects of the defendant Mohawk's motion are denied, but as previously stated, if it becomes a matter of inconvenience to bring voluminous records to Boston, Massachusetts, the defendant may make further motion under Rule 30(b).